UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN F. ROGERS,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; SAN DIEGO POLICE DEPARTMENT; DAVID NISLEIT, in his official capacity as San Diego Police Chief; A TO Z TOWING, INC., doing business as Road One, Inc. et al.,<br><br>                              Defendant. | Case No.:  18cv2746-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

On December 6, 2018, Plaintiff Brian Rogers initiated this action by filing a Complaint alleging causes of action for violation of the U.S. Constitution and the California Constitution, and a cause of action for state tort claims.  (ECF No. 1).  The same day, Plaintiff filed a motion to proceed in forma pauperis.  (ECF No. 2).

## I.     APPLICATION TO PROCEED IN FORMA PAUPERIS

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00.  *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. R. 4.5.  An action may proceed despite

a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

The application and declaration filed by Plaintiff states that he is unable to pay the costs of these proceedings. Plaintiff is unemployed and has no monthly income. After review of Plaintiff's application and declaration, the Court concludes that Plaintiff cannot afford to pay the costs of these proceedings and is eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## II. INITIAL SCREENING

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint

to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### A.    Allegations of the Complaint

Plaintiff alleges that San Diego Police Department ordered A to Z Towing to tow his vehicle without notice or a hearing, and that his car was towed, damaged, and impounded. Plaintiff alleges that his vehicle's license plates were stolen, and that a set of replacement plates were on the vehicle when it was towed. (ECF No. 1 ¶ 4). Plaintiff alleges that the replacement plates were not entered in the DMV system, and that the vehicle was considered unregistered, because the vehicle failed a smog check. *Id.* ¶¶ 4, 53. Plaintiff alleges that he "did not receive notice or an opportunity to be heard before or after SDPD ordered his car towed." *Id.* ¶ 7. Plaintiff alleges that he retrieved his vehicle after paying certain fees, and that A to Z Towing "would have attempted to sell the vehicle at auction if he failed to pay the tow charges after 30 days." *Id.* ¶¶ 14, 60–62.

Plaintiff alleges that California Vehicle Code § 14602.6(a) allows an officer to remove or seize vehicles upon discovering the owner's driving privileges are restricted. *Id.* ¶ 33. Plaintiff alleges that SDPD telephoned the towing company "to tow the vehicle for false tags and/or expired tags." *Id.* ¶ 57. Plaintiff alleges that "City of San Diego and SDPD maintain[] a policy of not providing pre-tow notice to vehicle owners." *Id.* ¶ 66. Plaintiff alleges that "[i]n March 2018, SPPD Sargent Kevin Moyna claimed that he would attempt to resolve this matter through Internal Affairs and the Community Review Board,"

that Plaintiff "has not heard from him since this date," and that "SDPD Sergeant Patti Clayton, Tow Administrator (Traffic Division) and SDPD Sergeant Ruben Guiterrez have continued to ignore this problem." *Id.* ¶¶ 69–70. Plaintiff alleges that "San Diego Police Department and City of San Diego decision, which summarily 'find[s] the tow and storage valid,' does not make findings that connect the evidence presented to the ultimate decision." *Id.* ¶ 73. Plaintiff alleges that SDPD violates due process "[b]y not making available the evidence relied on at any tow hearing, not presenting the officer who ordered the tow for examination, and not considering Mr. Roger's constitutional claims, ability to pay, inability to pass a state-sponsored smog check, or any other evidence when determining the validity of the tow, SDPD denies vehicle owners a meaningful opportunity to be heard," "at a pre or post tow hearing." *Id.* ¶¶ 82, 93.

Plaintiff, proceeding pro se, brings claims against the City of San Diego; the San Diego Police Department; David Nisleit, in his official capacity as San Diego Police Chief; and A to Z Towing Inc., d/b/a Road One, Inc. Plaintiff claims violations of his state and federal constitutional due process and equal protection rights, as well as his right to be free of unreasonable searches and seizures. Plaintiff further brings a claim for "Conversion and Trespass Chattels." (ECF No. 1 at 19).

### B. David Nisleit, San Diego Police Chief

Plaintiff seeks to sue San Diego Police Chief David Nisleit, alleging he "is responsible for managing SDPD affairs and its vehicle tows in compliance with the law." (ECF No. 1 ¶ 12). Plaintiff states, "Respondent is sued in his official capacity as the municipal officer responsible for ensuring that the SDPD and its agents act in conformity with federal and state law." *Id.*

Plaintiff fails to state a claim upon which § 1983 relief can be granted, however, because he sets forth no individualized allegations of wrongdoing by Nisleit, and instead seeks to hold him vicariously liable for the actions of other unnamed police department personnel. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits," § 1983 plaintiffs "must plead that each Government-official defendant, though

the official's own individual actions, has violated the Constitution."); *see also Jones v. Community Redevelopment Agency of City of Los Angeles,* 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode,* 423 U.S. 362, 370 – 71 (1976)).

A plaintiff may only "hold supervisors individually liable in [§] 1983 suits when culpable action, or inaction, is directly attributed to them." *Starr*, 652 F.3d at 1207. More specifically, a supervisor "causes" a constitutional deprivation if he (1) personally participates in or directs a subordinate's constitutional violation; or (2) the constitutional deprivation can otherwise be "directly attributed" to the supervisor's own culpable action or inaction, even though the supervisor was not "physically present when the [plaintiff's] injury occurred." *Id.* at 1206–07; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under Section 1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted).

Plaintiff does not offer any specific "factual content" that might allow the Court to "draw the reasonable inference" that Nisleit personally participated in any unconstitutional conduct directed at Plaintiff. The Court finds his Complaint, as currently pleaded, contains allegations which fail to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 568. For this reason, Plaintiff's claims against Nisleit must be dismissed sua sponte. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1126–27.

### C. A to Z Towing

Plaintiff seeks to sue A to Z Towing based on its contract to provide towing services with the City of San Diego.

"A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor."  Establishing liability for a conspiracy between a private actor and a state actor is no different from establishing liability for a conspiracy between two state actors.  The plaintiff must show "an agreement or meeting of the minds to violate constitutional rights."

*Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002); *see Gilreath v. Bach*, No. EDCV170694DOCJEM, 2017 WL 5593017, at *3 (C.D. Cal. Oct. 11, 2017), report and recommendation adopted, No. EDCV170694DOCJEM, 2017 WL 5564545 (C.D. Cal. Nov. 9, 2017) ("The only facts alleged demonstrate that Brothers was a private towing company and Morales was a tow truck driver who were called to the scene to tow Plaintiff's impounded vehicle. There is absolutely nothing to demonstrate the degree of cooperative action and interdependence necessary to establish joint action."); *see also Clement v. City of Glendale*, 518 F.3d 1090, 1097 (9th Cir. 2008) (accepting tow company's good faith defense when "[t]he tow was authorized by the police department, conducted under close police supervision and appeared to be permissible under both local ordinance and state law. . . . The . . . constitutional violation arose from the inactions of the police rather than from any act or omission by the towing company."). *But see Goichman v. Rheuban Motors*, 682 F.2d 1320, 1322 (9th Cir. 1982) ("[A] private towing company acting at the behest of a police officer and pursuant to a statutory scheme designed solely to accomplish the state's purpose of enforcing its traffic laws, acts under color of state law for purposes of section 1983.").

In this case, Plaintiff alleges that A to Z Towing "is the exclusive provider of all tow-related services for the City and County of San Diego."  (ECF No. 1 ¶ 14).  Plaintiff alleges A to Z Towing towed his vehicle without notice, damaging his vehicle in the process, based on instructions from the San Diego Police Department. *Id.* ¶¶ 57–59.  These allegations do not rise to the level of conduct in violation of § 1983 by A to Z Towing.

In addition, Plaintiff must have filed the Complaint before the statute of limitations expired.  Section 1983 does not contain its own statute of limitations.  Federal courts apply the forum state's statute of limitations for personal injury actions. *See Owens v. Okure*,

488 U.S. 235, 240–41 (1989) ("Because § 1983 claims are best characterized as personal injury actions . . . a State's personal injury statute of limitations should be applied to all § 1983 claims.") (quotation omitted); *see also Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. Accrual of a § 1983 claim is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual occurs "when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Id.* (quotation omitted); *see also Canatella v. Van De Kamp*, 486 F.3d 1128, 1133 (9th Cir. 2007) (noting the statute of limitations period began to run when Plaintiff knew or had reason to know of the injury that forms the basis of his action). Plaintiff alleges his vehicle was towed by A to Z Towing on August 6, 2015. (ECF No. 1 ¶ 55). Plaintiff alleges that he retrieved his vehicle after paying certain fees, and that A to Z Towing "would have attempted to sell the vehicle at auction if he failed to pay the tow charges after 30 days." (ECF No. 1 ¶¶ 14, 60–62). Plaintiff alleges no conduct by A to Z Towing occurring after August 6, 2015. Plaintiff alleges no facts to support the inference that he did not know or have reason to know of his claimed injuries by the time he paid the charges and retrieved his vehicle. For these reasons, Plaintiff's claims against A to Z Towing must be dismissed sua sponte. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1126–27.

### D. Fourth Amendment

Plaintiff alleges that his Fourth Amendment rights against unreasonable search and seizure were violated by the towing of his vehicle on August 6, 2015. The Fourth Amendment applies when the government interferes with the possessory interest in the vehicle. *See Brewster v. Beck*, 859 F.3d 1194, 1197 (9th Cir. 2017). As above, the statute of limitations applicable to Plaintiff's Fourth Amendment claim is two years, beginning to run upon the occurrence of the allegedly unconstitutional seizure. *See McIntosh v. L.A. Cty.*, No. LACV153856JFWJCG, 2016 WL 715771, at *1 (C.D. Cal. Feb. 18, 2016) ("This period begins to run when the plaintiff first learns of the injury giving rise to his claims. . .

. [In] particular, where a plaintiff alleges illegal search and seizure, 'the cause of action can reasonably be deemed to have accrued when the wrongful act occurs.'") (first citing *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761–62 (9th Cir. 1991), then quoting *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983)). In this case, Plaintiff alleges that he retrieved his vehicle after paying certain fees, and that A to Z Towing "would have attempted to sell the vehicle at auction if he failed to pay the tow charges after 30 days." (ECF No. 1 ¶¶ 14, 60–62). The statute of limitations for any Fourth Amendment claims as to the towing of Plaintiff's vehicle expired before the Complaint was filed on December 6, 2018. For this reason, Plaintiff's Fourth Amendment claims as to all Defendants must be dismissed sua sponte. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1126–27.

### E. Fourteenth Amendment Due Process

Plaintiff seeks to sue the City of San Diego and the San Diego Police Department for injuries resulting from allegedly unconstitutional policies related to the towing of his vehicle. 42 U.S.C. § 1983 provides a cause of action against any person who, under the color of state law, deprives any citizen of any rights, privileges, or immunities secured by the Constitution and laws of the United States. *See Wyatt v. Cole*, 504 U.S. 158, 161 (1992).[1] "[A] local governmental body cannot be found liable under § 1983 on a respondeat superior theory; liability may be imposed only if the plaintiff establishes that his injuries were inflicted pursuant to an official county policy or custom." *Thompson v. City of L.A.*, 885 F.2d 1439, 1443 (9th Cir. 1989); *see also Monell v. Dep't of Soc. Servs.*,

---

[1] Plaintiff alleges violations of his due process and equal protection rights under the Fourteenth Amendment of the United States Constitution, and violation of his rights against unreasonable search and seizure under the Fourth Amendment of the United States Constitution. The Fourth and Fourteenth Amendments do not themselves give rise to a cause of action. *Azul-Pacifico, Inc. v. City of L.A.*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

To the extent Plaintiff seeks relief under the Equal Protection Clause of the Fourteenth Amendment, he fails to state a claim by alleging that he could not afford to pay for smog check repairs. ECF No. 1 ¶¶ 85–86; *see San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 29 (1973) (concluding wealth discrimination does not invoke strict scrutiny under the Equal Protection Clause).

436 U.S. 658, 690–94 (1978). To hold a municipality or a police department liable for the actions of its officers, a plaintiff must demonstrate a constitutional deprivation, and that the deprivation was caused pursuant to a municipality or police department custom or policy. *Monell*, 436 U.S. at 694; *Munger v. Glasgow Police Dep't*, 227 F.3d 1082, 1087 (9th Cir. 2000); see also *Miranda v. City of Cornelius*, 429 F.3d 858, 869 (9th Cir. 2005) ("In order for a municipality to be liable for a section 1983 violation the action alleged to be unconstitutional must implement a policy officially adopted by the municipality.") (quoting *Scofield v. City of Hillsborough*, 862 F.2d 759, 765 (9th Cir. 1988)).

Procedural due process under the Fourteenth Amendment does not require a hearing be given to the owner before a vehicle is towed. *Scofield*, 862 F.2d at 762. "[D]ue process does not require that a pre-towing notice be given to the owner of a vehicle which has been unregistered for more than one year from the date on which it is found parked on a public street" pursuant to the California Vehicle Code. *Id.* at 764. The Court of Appeals has held that pre-tow notice is required for unregistered vehicles when a valid planned non-operation certificate has been filed with the Department of Motor Vehicles. *Clement*, 518 F.3d at 1094–95, 1096. In *Miranda*, the Court of Appeals granted summary judgment in favor of the municipal defendants, on a due process claim for failure to provide an adequate post-tow hearing, stating:

> Based on Plaintiffs' statement of facts and all reasonable inferences thereon, there is no evidence that the lack of response to Plaintiffs' letter was the result of a policy officially adopted by Defendants. In addition, construing [Plaintiff's] statement that he "spoke with a woman about the tow" in the most favorable light, it does not provide a basis for liability under section 1983. Because a denial of a hearing would be directly contrary to the City's official policy, any comment by the woman was not sufficient to establish the existence of a policy contrary to the City's written policy.

429 F.3d at 869.

In this case, Plaintiff alleges that his vehicle was not properly registered. Plaintiff does not allege that a valid certificate of non-operation was filed with the Department of Motor Vehicles at the time of towing. Plaintiff does not state a claim for violation of due

process on the grounds that he did not receive a pre-towing notice or hearing. *See Clement*, 518 F.3d 1090 ("A tow [without prior notice] may also be appropriate where there are no current registration stickers and police can't be sure that the owner won't move or hide the vehicle, rather than pay the fine for illegal parking.").

Plaintiff alleges that he had no meaningful opportunity to be heard after his vehicle was towed because SDPD did not "mak[e] available the evidence relied on at any tow hearing," "present[] the officer who ordered the tow for examination," or "consider[] Mr. Roger's constitutional claims, ability to pay, inability to pass a state-sponsored smog check, or any other evidence when determining the validity of the tow." (ECF No. 1 ¶ 82). Plaintiff further alleges that several SDPD officers failed to follow up with him. Plaintiff's allegations fail to support the inference that the City or SDPD do not provide a post-tow hearing as a matter of official policy. Plaintiff's allegations fail support the inference that such hearings were inadequate as a matter of official policy. *See Miranda*, 429 F.3d at 869 ("Because a denial of a hearing would be directly contrary to the City's official policy, any comment by the woman was not sufficient to establish the existence of a policy contrary to the City's written policy."). Plaintiff's allegations do not support the inference that he was deprived of a post-towing hearing in violation of the Due Process Clause of the Fourteenth Amendment. For these reasons, Plaintiff's Fourteenth Amendment claims as to all Defendants must be dismissed sua sponte. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1126–27.

## F. Jurisdiction Over State Law Claims

Plaintiff asserts that this Court has jurisdiction based on federal question jurisdiction over § 1983 claims. (ECF No. 1 ¶ 17).[2]

The federal supplemental jurisdiction statute provides:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that

---

[2] Plaintiff and Defendants are alleged to be citizens of California. (ECF No 1. ¶¶ 2, 3, 11, 21). The Court does not have diversity jurisdiction over this action.

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c).

Having dismissed the only federal claim asserted by Plaintiff against Defendants, the Court declines to exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367(c). *See San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478 & n.12 (9th Cir. 1998) (upholding district court declining to exercise supplemental jurisdiction and requiring no further explanation by district courts acting in accordance with 28 U.S.C. § 1367(c)(3)); *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion.") (quoting *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007)).

## III. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's application to proceed in forma pauperis is GRANTED. (ECF No. 2).

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted. If no motion for leave to file a first amended complaint is filed within thirty (30) days of this order, the case will be closed.

Dated: January 8, 2019

Hon. William Q. Hayes
United States District Court